Ingraham, J.
This action is brought by the executors of Wilham H. Burrowes, for the adjustment and settlement of their accpunts, and of various claims against the estate, preparatory to a distribution of the assets.
In the course of the proceedings, a claim is presented by A. T. Stewart & Co. for moneys alleged to have been fraudulently taken from the firm, by the testator, to a sum exceeding half a million of dollars.
The cause is at issue, and ready for trial. A commission has been granted, with a stay of proceedings; and, on its return,'the action can be tried.
The defendants, Stewart & Co., now inove for an order of reference to adjust the amount of moneys alleged to be due to them from the estate of Burrowes, and for an injunction to prohibit the distribution of the funds to the legatees who reside abroad.
Tn regard to the first matter, the reference—I think the motion is premature.
A question will arise, on the trial, whether the defendants, Stewart & Co., are not bound by a settlement made by them with the executors. If so, the reference would be unnecessary, and the heavy expense attending such a reference would be unnecessary.
A reference cannot be compulsorily ordered, unless the court is satisfied that such an examination will be required for the disposition of the case.
At present, it does not appear that any examination of their accounts will be required.
Besides, in cases of this kind, it is never proper to order a reference until after a trial establishing the plaintiff’s claims, or the defendants’ defence, it shall appear, that such accounting will be required, and then the same is ordered by the court * which tries the cause.
Eor these reasons, so much of this motion as asks for a reference is denied.
*252 As to the motion for an injunction to restrain the defendants from a distribution of the assets to the legatees, I can hardly think it necessary; for the executors, as a matter of prudence and self-protection, would not, I suppose, venture to distribute their assets, until all claims upon them by third persons are disposed of. If there is any possibility of any such action, the injunction should be 'granted. The plaintiffs have stayed the trial, by issuing the commission; the amount involved is large; and the legatees mostly live out of the jurisdiction of the court. These reasons are amply sufficient to warrant the order restraining the distribution of the assets until the final decision of the case.
Motion for a reference denied, and injunction granted; costs to abide result. •